UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| Manta Industries Ltd.,<br>a foreign P. R. of China Corporation,<br><br>      Plaintiff,<br><br>   -against-<br><br>Paul P. Law, aka Paul Law; Yogesh M. Anand, aka Yogesh Anand, aka Yogi Anand; Kum S. Casanova, aka Kum Casanova, aka Kum Sun Casanova; Jonathan M. Anand, aka Jon Anand, aka Jonathan N. Anand; Lourdes Law, aka Lou Law, aka Lourdes P. Law, aka Lourdes W. Law; Fashion Industries, Ltd.; XYZ Inc.s 1-10; ABC LLCs 1-10; John Does 1-10; and Jane Does 1-10,<br><br>      Defendants. | Case No. 16-CV-8308-LAP<br><br>**DECLARATION OF B. SHAMUS O'DONNILEY IN SUPPORT OF PLAINTIFF'S RULE 37 MOTION FOR SANCTIONS AGAINST DEFENDANTS PAUL LAW AND LOURDES LAW** |

    B. Shamus O'Donniley, an attorney duly admitted to practice in the United States Federal District Court in and for the Southern District of New York, hereby declares, under the penalty of perjury, pursuant to 28 U.S.C. §1746 that the following is true and correct:

1.    My firm, B. Shamus O'Donniley, Esq., PLLC, represents the Plaintiff in the above styled action. I have personally worked on this case. I have personal knowledge of, and am fully familiar with, the facts and circumstances surrounding this action and specifically related to this motion.

1

2.     I make this declaration in support of Plaintiff's Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi), and 37(C) motion for sanctions against Defendants Paul Law and Lourdes Law.

3.     There is also a filed, unruled upon Plaintiff's Fed. R. Civ. P. 37 motion for sanctions, [Doc. 75-79], against Defendants Yogesh Anand, Kum Casanova and Jonathan Anand. Those three defendants filed a response. [Doc. 86-89]. Plaintiffs filed a reply. [Doc. 90].

4.     Plaintiff is requesting the Court to 1) strike Defendants Paul Law's and Lourdes Law's answers, 2) enter judgment as to liability against them, and 3) set this matter for a damages hearing.

5.     On April 7, 2018, Plaintiff first served requests for production of documents directed to all defendants, (Bates 42-45)[1], by way of an email to their attorney. (Bates 46).

6.     By way of a consent order entered June 5, 2018, [Doc. 47], (Bates 47), Defendant Paul Law agreed to respond to Plaintiff's requests for production of documents and interrogatories, dated April 7, 2018, by June 15, 2018. At that time, Defendant Paul Law had not produced any responses or documents.

---

[1] Exhibits to this affidavit are filed in a separate Bates stamped appendix.

7. Defendant Paul Law failed to comply with that order. No responses or documents were produced.

8. On February 11, 2019, this Court entered an order, [Doc. 52], (Bates 135), directing Defendant Paul Law to appear for a deposition on April 25, 2019.

9. On April 25, 2019, Mr. Law appeared for his deposition, by himself, without his attorney, but he refused to answer questions. At that time, his attorney Sanjay Chaubey, Esq., had withdrawn.

10. By email dated June 4, 2019, Defendant Paul Law emailed chambers and asserted that Plaintiff's allegations were false, and requested this Court not to add Fashion Industries Ltd. and Lourdes Law, his wife, as additional defendants. He contended that they were innocent. To support his assertion, he offered to provide evidence, then he wrote he was traveling overseas through June 20, 2019. Responding on June 12, 2019, this Court wrote "[t]he evidence referred to above will be considered in future proceedings." [Doc. 119], (Bates 54-56).

11. To date, Paul Law has not provided this evidence.

12. Mr. Law has a history of misleading this Court.

13. Two years earlier, by way of an order entered May 3, 2017, in another "bust out" case filed against Mr. Law and others, Judge Jed S. Rakoff, concluded that "Law fragrantly lied," (Bates 35), to the Court when trying to distance

himself, personally, from a business entity he controlled. The Court imposed fraud and punitive damages liability upon Mr. Law. *Acco, Ltd. and Guangzhou Textiles Holdings Ltd. v. Rich Kids Jeans Corp., Paco (NY) Trading, Inc, Yogesh Anand, Paco Lau, and Paul*, No. 1:15-cv-07425-JSR (S.D.N.Y. May 3, 2017)(findings of fact and conclusions of law). (Bates 9-41).

14. On August 18, 2019, Ms. Xuejie Wong, Esq. filed an entry of appearance, [Doc. 84], (Bates 136), to represent Paul Law, plus the newly added Defendants, Fashion Industries Ltd. and Lourdes Law.

15. On August 21, 2019, I emailed her the unanswered discovery requests dated April 7, 2018, June 15, 2019, June 26, 2019, plus document requests attached to three earlier deposition notices. I also pointed out three court orders, [Doc. 47, 49, and 52], that ordered responses. (Bates 82).

16. By order entered September 3, 2019, [Doc. 92], (Bates 83), this Court directed Paul Law to (1) appear for his continued deposition on October 25, 2019, (2) answer each and every question during his deposition unless the question was protected by a privilege, and (3) provide responses, on or before September 20, 2019, to Plaintiff's requests for production of documents dated April 7, 2018, June 15, 2019, June 26, 2019, plus

Plaintiff's requests attached to his notice of deposition dated March 22, 2019.

17. Paul Law never produced responses or documents, as ordered by this Court.

18. Also, on October 25, 2019, Paul Law did not appear for his deposition. The deposition transcript memorializing his non-appearance is at Bates 114-118.

19. Before the deposition occurred, I called Attorney Wong's office many times to confirm Mr. Law would appear for the October 25, 2019 deposition.

20. I called because I earlier received an email, on October 19, 2019, from Mr. Chi-Yuan Hwang, Esq., email address cyhlawoffice@gmail.com, stating "My client is currently in China. Hew [sic] will be back in about a week. I am not sure that he will be in New York on October 25, 2019. I will let you know when I talk to him. Signed: United Solutions Law Office". (Bates 112).

21. At that time, Mr. Chi-Yuan Hwang had not entered an appearance in this case. Ms. Xuejie Wong, Esq. was the attorney of record for Paul Law and Lourdes Law.

22. On October 25, 2019, after the deposition occurred, I repeatedly called Attorney Wong's office until someone picked up the phone and said that Paul Law was in China so he could not show up for the deposition.

5

23. On November 26, 2019, by way of a consent order, [Docs. 98, 99], Mr. Chi-Yuan Hwang, Esq. substituted into the case to replace Ms. Xuejie Wong, Esq. to represent Defendants Paul Law, Lourdes Law, and Fashion Industries Ltd. (Bates 137).

24. On November 31, 2019, Paul Law provided responses to one of the document request lists that was attached to his sixth amended notice of deposition. He wrote "None Available" in response to each request. (Bates 119-121). Obviously, these were non-responsive.

25. On December 11, 2019, I drafted a letter to Mr. Chi-Yuan Hwang, Esq. and Ms. Xuejie Wong, Esq., summarizing the outstanding, unanswered discovery requests. (Bates 122-23).

26. On December 12, 2019, I called Attorney Hwang, spoke to him, explained the requests, then, while we were on the phone, I emailed the letter to Attorney Hwang, along with copies of the unanswered discovery requests, to cyhhwang2010@gmail.com and cyhlawoffice@gmail.com. (Bates 124-25). He confirmed that he received the email.

27. On December 12, 2019, Lourdes Law signed, and later delivered, her "Response To Plaintiff's Third Request For Production From Defendant" and "Response To Plaintiff's First Request For Production From Lourdes Law" and wrote "None Available" in response to the requests. Also, she

6

wrote "Enclosed herein" concerning completed IRS Forms 4506, but they were not correctly completed. (Bates 126-28).

28. There was no mention by Lourdes Law and, earlier, by her husband, Paul Law, concerning the steps she or her husband took to ascertain if there were responsive documents. There is no evidence of a reasonable inquiry concerning the existence and location of the requested documents, and then explain how, and why, there were "None Available."

29. Of course, the "None Available" response could not be further from the truth. Banks have provided me with monthly statements, plus records of deposits, wire transfers, and issued checks that show the fraudulent transfers alleged in the second amended complaint. The documents were from bank accounts owned by, and controlled by, Lourdes Law and Paul Law. Both Lourdes Law and Paul Law have possession of, or access to, even more responsive records.

30. On January 14, 2020, this Court entered an order, [Doc. 100], (Bates 138), directing Defendants Paul Law and Lourdes Law to respond to the various unanswered discovery requests served upon them. This Court wrote "Mr. and Mrs. Law are reminded that failure to comply with this order may result in sanctions."

31. By order entered January 16, 2020, [Doc. 102], (Bates 129), this Court stated that "[o]n or before February 17, 2020, Defendant Paul Law is to provide responses to the following:

    a. Request # 1 of Plaintiff's request for production of documents dated June 15, 2019; and

    b. All requests in Plaintiff's request for production of documents dated June 26, 2019."

Also, it stated that "[o]n or before February 17, 2020, Defendant Lourdes Law is to provide responses to the following:

    a. All requests in Plaintiff's request for production of documents dated June 26, 2019; and

    b. All requests in Plaintiff's request for production of documents dated September 5, 2019."

In addition, it stated "[o]n or before February 17, 2020, Defendant Lourdes Law or her attorney is to deliver to Plaintiff's counsel Lourdes Law's original, signed IRS Form 4506 for tax years 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018"

Finally, it stated "FAILURE TO COMPLY MAY RESULT IN SANCTIONS."

32. Despite this warning, Defendants Paul Law and Lourdes Law, again, provided no documents.

33. By letter dated February 27, 2020, (Bates 130-132), I sent a letter to the Laws' attorney, Mr. Hwang, and requested the documents. To this day, I have not received any documents.

34. Defendants Paul Law and Lourdes Law have blatantly failed to respond to Plaintiff's discovery requests, disobeyed this Court's orders to produce documents and, as to one order, failed to appear for a deposition and answer questions.

35. The Laws have made it all but impossible to seek the whole truth concerning the fraudulent transfers alleged in the second amended complaint. Clearly, they are handling discovery requests – and this Court's orders – with utter disregard to this Court's authority and the process of truth seeking.

36. Continuing to ask and order them to respond to discovery requests would be a waste of time and resources.

37. Therefore I request this Court to strike their answers, enter default judgment against them as to liability, and schedule a damages hearing.

|  |  |
|---|---|
| Dated: October 17, 2023 | B. Shamus O'Donniley, Esq., PLLC<br>By: B. Shamus O'Donniley<br>Attorney for Plaintiff<br>777 Brickell Avenue, Suite 500-9678<br>Miami, Florida 33131<br>(305)615-5385 |