**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Manta Industries Ltd.,
a foreign P. R. of China Corporation,

      Plaintiff,

      -against-

Paul P. Law, aka Paul Law; Yogesh M.
Anand,aka Yogesh Anand, aka Yogi
Anand; Kum S. Casanova, aka Kum
Casanova, aka Kum Sun Casanova;
Jonathan M. Anand, aka Jon Anand,
aka Jonathan N. Anand; Lourdes Law,
aka Lou Law, aka Lourdes P. Law, aka
Lourdes W. Law; Fashion Industries,
Ltd.; XYZ Inc.s 1-10; ABC LLCs 1-10;
John Does 1-10; and Jane Does 1-10,

      Defendants.

_____

Case No. 16-CV-8308-LAP

**DECLARATION OF
B. SHAMUS O'DONNILEY
IN SUPPORT OF
PLAINTIFF'S REPLY TO
DEFENDANTS' RESPONSE
TO PLAINTIFF'S RULE 37
MOTION FOR SANCTIONS
AGAINST DEFENDANTS
PAUL LAW AND LOURDES
LAW**

      B. Shamus O'Donniley, an attorney duly admitted to practice in the United

States Federal District Court in and for the Southern District of New York, hereby

declares, under the penalty of perjury pursuant to 28 U.S.C. §1746, that the

following is true and correct:

1.     My firm, B. Shamus O'Donniley, Esq., PLLC, represents the Plaintiff in the

     above styled action. I have personally worked on this case. I have personal

     knowledge of, and am fully familiar with, the facts and circumstances

     surrounding this action and specifically related to this motion.

2. I make this declaration in support of Plaintiff's reply to Defendants Paul Law and Lourdes Law's, ("The Laws"), response to Plaintiff's Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi) and 37(C) motion for sanctions.

3. Plaintiff is requesting the Court to 1) strike The Laws' answers, 2) enter judgment as to liability against them, and 3) set this matter for a damages hearing.

4. On Thursday, November 16, 2023 between approximately 5:55 pm EST and 7:00 pm EST, The Laws' attorney, Mr. Chi-Yuan Hwang, Esq., sent three emails to me, along with numerous attachments including amended responses to discovery requests, along with documents.

5. The Laws' response filing deadline was the next day, Friday, November 17, 2023.

6. In one email, delivered Thursday, November 16, 2023 at 5:55 pm EST, Attorney Hwang wrote:

> Attached please find the revised responses to your discovery requests. If I missed anything else, please let me know. Some of the documents came from George Xu. *Although Paul Law and Lourdes Law does not have the duty to produce them*. . . .
> (italics added) (Attached Ex. 1).

7. George Xu was, and is, The Laws' accountant.

8.      The documents from George Xu are income tax returns prepared for

Defendant Fashion Industries, Ltd. Plaintiff already had these tax returns

except for returns for the tax years 2020, 2021, and 2022.

9.      Years ago, I had secured Fashion Industries, Ltd.'s tax returns directly from

George Xu with third party subpoenas.

10.     On Friday, November 17, 2023 at approximately 7:30 pm EST, Attorney

Hwang, Esq., sent one email to me, along with numerous attachments.

11.     Also, on Friday, November 17, 2023, Attorney Hwang filed The Laws'

response. Included in this filing were the same amended responses, and

documents, he had emailed to me on Thursday, November 16, 2023 and

Friday, November 17, 2023.

12.     On Saturday, November 18, 2023 at approximately 6:45 pm EST, Attorney

Hwang, Esq. sent one email to me, along with numerous attachments. These

contained new amended responses, and attached newly produced documents.

13.     On Tuesday, November 21, 2023, Attorney Hwang filed additional response

documents on behalf of The Laws. This filing included many of the same

documents he had emailed to me on Thursday, November 16, 2023 and

Friday, November 17, 2023, plus documents he emailed to me on Saturday,

November 18, 2023.

14.	On Thursday, November 23, 2023 (Thanksgiving Day), Attorney Hwang filed additional response documents on behalf of The Laws. This filing included many of the amended responses, and documents, he had emailed to me on Thursday, November 16, 2023, Friday, November 17, 2023, and Saturday, November 18, 2023.

15.	Except for the recently produced 2020, 2021, and 2022 Fashion Industries, Ltd. tax returns, The Laws have not provided any "responsive" documents, as ordered by this Court on June 5, 2018, [Doc. 47], February 11, 2019, [Doc. 52], June 12, 2019, [Doc. 119], January 14, 2020, [Doc. 100], and January 16, 2020, [Doc. 102].

16.	Since 2020, and earlier, I had possession of the documents The Laws' recently produced. They were produced by third parties, years ago, pursuant to subpoenas. When I received them, I shared them with The Laws' attorneys. The only thing new about these recently produced documents is the Bates stamping Attorney Hwang recently applied to them.

17.	The Laws also produced a few freight shipment documents. These were not requested, and are not responsive. The Laws did not produce the requested purchase orders and invoices that would show goods that were purchased and sold.

18.   The Laws refused to produce those documents because they would assist
      Plaintiff to trace money.

19.   If there was no purchase and sale of goods, of course there would not be any
      purchase orders and invoices because the Laws were running a money
      laundry operation.

20.   Since the start of this case, The Laws have refused to provide the requested
      documents.

21.   Instead, The Laws have continued down their same path of denying the
      requested documents exist, or insisting they do not have to produce any
      responsive documents.

22.   Plaintiff's second amended complaint alleges fraudulent transfers. It is a
      "follow the money" tracing exercise. To "follow the money," Plaintiff
      requested The Laws to produce purchase orders, bills of lading, invoices,
      original data files for accounting software, Fashion Industries, Ltd.'s general
      ledger, plus emails between The Laws, Fashion Industries, Ltd., and their
      customers.

23.   From the first lawsuit that resulted in a judgment against The Laws' business
      entities, Case No. 12-cv-5094, I learned that The Laws' business practice
      was to send and receive emails, with attachments, between themselves, their

customers, and vendors. The attachments included purchase orders, invoices, bills of lading, etc.

24.     The Laws, though, never produced any of these requested emails.

25.     In fact, on April 24, 2020, long before the pending Rule 37 motion was filed, The Laws' attorney wrote to me and said "My client does not have anything you requested. None available is the correct answer." Continuing, he wrote "My client is not the person in charge of keeping documents for the corporate defendants. He does not have any of the documents you want."

26.     Adding to this, he wrote "If what you are looking for are the documents containing the income and expense of the corporate defendants, Paul Law and Lourdes Law do not have them . . . My client did not do anything you alleged in the complaint. His evidence is 'nothing'." (Attached Ex. 2; Appendix of Exhibits, [Doc. 107-2, Bates 133-34]).

27.     This assertion contradicts Paul Law who earlier emailed this Court on June 4, 2019 and wrote he "will be more than happy to provide more evidence if your Honor demand so. . . ." In its June 12, 2019 order, [Doc. 119], on the bottom of the email from Mr. Law, the Court wrote "The evidence referred to above will be considered in future proceedings." (Attached Ex. 3; Appendix of Exhibits, [Doc. 107-2, Bates 54]).

28.     To date, this evidence has not been produced.

29. In their productions within the past ten days, The Laws' provided amended responses to Plaintiff's discovery requests, which all contain numerous objections. These are all newly raised objections. The Laws' deadline to assert these objections was thirty days after they were served with the requests, which was years ago.

30. I tried, in good faith, to communicate to The Laws that they needed to produce the requested documents.

31. By way of a letter dated December 11, 2019, before the last two discovery orders were entered, I made my last, of several, good faith attempts to explain to Attorney Hwang and his co-counsel all the documents that had been requested, and needed to be produced. (Attached Ex. 4; Appendix of Exhibits, [Doc. 107-2, Bates 122-25]).

32. Their failure to respond, after receiving this letter, resulted in the last two orders entered on January 14, 2020, [Doc. 100], and January 16, 2020, [Doc. 129]. (Appendix of Exhibits, [Doc. 107-2, Bates 138 and 129]).

33. To date, there still is no evidence from Lourdes Law and Paul Law concerning the steps they took to ascertain if responsive documents exist. There is no evidence of a reasonable inquiry concerning the existence and location of the requested documents, including an explanation of how, and why, there were "None Available."

34. Defendants Paul Law and Lourdes Law have blatantly failed to respond to Plaintiff's discovery requests, disobeyed this Court's orders to produce documents and, as to one order, failed to appear for a deposition and answer questions.

35. The Laws have made it all but impossible to seek the whole truth concerning the fraudulent transfers alleged in the second amended complaint. Clearly, they are handling discovery requests – and this Court's orders – with utter disregard to this Court's authority and the process of truth seeking.

36. Continuing to ask and order them to respond to discovery requests would be a waste of time and resources.

37. Therefore I request this Court to strike their answers, enter default judgment against them as to liability, and schedule a damages hearing.

Dated: December 1, 2023

B. Shamus O'Donniley, Esq., PLLC
By: B. Shamus O'Donniley
Attorney for Plaintiff
777 Brickell Avenue, Suite 500-9678
Miami, Florida 33131
(718) 310-3051
shamus@lawyer.com

# Exhibit 1

---

*Thursday, November 16, 2023 Email From Attorney Hwang To Attorneys O'Donniley and McGovern*

**From:** Chi Yuan Hwang  cy@hwang-lawoffice.com
**Subject:** Re: Manta Industries Ltd. v. Paul Law and Lourdes Law
**Date:** November 16, 2023 at 5:55 PM
**To:** shamus@lawyer.com, jmcgovern@mcgovernfirm.com



📄 **fully executed revised Schedule A.pdf**

📄 **revised response for first request for producti...**

📄 **signed response to Plaintiff's Request for Prod...**

📄 **signed revised response for Chedule B.pdf**

📄 **signed revised response to P's 1st request fro ...**

📄 **signed revised response to P's 3rd request.pdf**

Attached please find the revised responses to your discovery requests. If I missed anything else, please let me know.  Some of the documents came from George Xu.  ==Although Paul Law and Lourdes Law does not have the duty to produce them.==  In the spirit of cooperation, they obtained them from George to deliver to you.  About the "Freight Invoice", the customers of Fashion Industries Ltd deposited money into the account of Fashion Industries Ltd.  Fashion Industries did not purchase or sell goods, it only pay the costs on behalf of its customers.  In the spirit of cooperation, Lourdes produced them to you.  The total number of pages of the "Freight Invoices"  is volumus.  I am sending all of the to you in a separate e-mail.



**United Solutions Law office**
**39-01 Main Street**
**Suite 510**
**Flushing, NY  11354**
**Tel: 718.688.9765**
**917.709.6640**

On Thu, Nov 16, 2023 at 5:53 PM Chi Yuan Hwang <cy@hwang-lawoffice.com> wrote:
Attached please find the "Freight Invoices"

📄 **2016 Freight Invoice.pdf**

📄 **2017 Freight Invoice.pdf**

📄 **2019 Freight Invoice.pdf**

📄 **2020 Freight Invoices.pdf**

📄 **2021 Freight Invoices.pdf**

📄 **2021 Freight Invoices_001.pdf**

📄 **2023 freight invoice.pdf**

United Solutions Law office
39-01 Main Street
Suite 510
Flushing, NY 11354
Tel: 718.688.9765
917.709.6640



# Exhibit 2

---

*April 24, 2020 Letter From Attorney Hwang To Attorney O'Donniley*

# CHI-YUAN HWANG

**ATTORNEY-AT-LAW**
39-01 Main Street, Suite 510
Flushing, New York   11354

Tel: (917) 709-6640                                                                                   Fax: (718) 353-8877

April 24, 2020

B. Shamus O'Donniley, Esq.
777 Brickell Avenue, Suite 500-9678
Miami, Florida   33131

                                        Re:   Manda Industries, Ltd. v. Paul Pl Law et. al.

Dear Mr. O'Donniley:

   I have e-mailed you a copy of my client's response to Plaintiff's First Request for Production. My record showed that I sent the original to you a few months ago.   However if you insist that you never received it. I will send you another original. My client will sign the response again and mail it to me.   Once I receive it, I will send it to you.

   My client does not have anything you requested. None available is the correct answer.

   All my client's answer to June 15, 2019, June 26, 2019 and September 5, 2019 requests and schedule of requests attached to various deposition notice to Paul Law are complete. My client is not the person in charge of keeping documents for the corporate defendants. He does not have any of the documents you want.

   I was not his attorney when he sent the e-mail to the court and I do not have the context which made him produce the e-mail.   If you let me know what prompt him to send the e-mail, I may be able to help you.   If what you are looking for are the documents containing the income and expense of the corporate defendants, Paul Law and Lourdes Law do not have them.

   About the statement June 15, 2019 request 1, Paul Law's answer is complete. If you want any specific evidence, please specify it. If you do not present your request, my client has nothing to give you. My client did not do anything you alleged in the complaint. His evidence is "nothing".

   October 25, 2019 my client was in China.   I sent you an e-mail advising you so.   After he came back you did not attempt to reschedule. My client appeared in your deposition a few times already. He does not avoid your depositions.   If you want to depose him now, please send me a notice of deposition.   I will make necessary arrangements.   Please notify me in advance, so that I can arrange a day when he is in New York for deposition and I can appear with him.

MANTA-000000133

The 4506 forms you sent for the signatures of Paul Law and Lourdes Laws are separate. This is why they signed separate forms. If you want them to sign one form with both of their names, please send me such a form. I do not see your attachment of 4506 for both Paul Law and Lourdes Law to sign. If you send it to me, I will have them sign it and send it back to you.

Sincerely yours,

Chi-Yuan Hwang

# Exhibit 3

---

*Order Entered June 12, 2019*

6/5/2019
Case 1:12-cv-05094-LAP Document 119 Filed 06/12/19 Page 1 of 3
Re case no.16-cv-8308-LAP Judge Loretta A. Preska

**From:** Pplaw <pplaw@aol.com>
**To:** samanthagencarello <samanthagencarello@nysd.uscourts.gov>
**Cc:** preskachambers <preskachambers@nysduscourts.gov>; PPLaw <PPLaw@aol.com>
**Subject:** Re: case no.16-cv-8308-LAP Judge Loretta A. Preska
**Date:** Tue, Jun 4, 2019 5:50 pm
**Attachments:** fashion 1.pdf (232K), fashion 2.pdf (257K)

Honorable Judge Loretta A. Preska,

request to reconsider the addition of Parties and amendment for Fashion Industries Ltd, and Lourdes Law with followings information for your reconsideration:
- Fashion Industries Ltd., payments all from verifiable overseas corporations for purchasing goods and services. This is a corporation has nothing to do with Rich Kids or Manta.
- Fashion Industries Ltd., engages in Lady apparel business and purchases are in fabric and trimmings plus transportation. All bank records had show the funds were sent for purpose of purchasing goods and service.
-Lourdes Law is one of the directors , retired and helping minor administration work.

All claims regarding payments from Rich Kids to Fashion Industries Ltd are false  as well as speculation.with no real evidence to support. The sole purpose is confusing the court in granting the addition and .causing burden to Fashion Industries Ltd, and Lourdes Law.

I will more than happy to provide more evidence if your Honor demand so. I will be traveling overseas and be back after June 20, 2019.

Your kind reconsideration is greatly appreciated,

Truly yours,

Paul Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6-12-19

**RECEIVED**

JUN 11 2019

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

Because the strict standard for reconsideration
has not been met, reconsideration is denied.
The evidence referred to above will be
considered in future proceedings.

6/12/19

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

MANTA-000000054

**Exhibit 4**

*December 11, 2019 Letter From Attorney O'Donniley To Attorney Hwang*



**B. Shamus O'Donniley, Esq.**
39-07 Prince Street, Suite 6F
Flushing, New York 11354
☎ +1(718) 310-3051

**B. Shamus O'Donniley, Esq., PLLC**
777 Brickell Avenue, Suite 500-9678
Miami, Florida 33131
☎ +1(305) 615-5385

Shamus@lawyer.com

---

*Sent via Email and USPS First Class*                                           December 11, 2019

TO:   Chi-Yuan Hwang, Esq. & Xuejie Wong, Esq
      13620 38th Ave STE 9I
      Flushing, NY 11354-4263
      Attorneys for Paul & Lourdes Law
      Tel. (718)461-8461
      cyhhwang2010@gmail.com
      cyhlawoffice@gmail.com


RE:   *Manta Industries, Ltd. v. Paul P. Law* et al; Case No. 16-cv-8308-LAP
      SECOND GOOD FAITH LETTER REGARDING DISCOVERY

Mr. Hwang:

        As you know, I represent Plaintiff in the above action.  I am writing to you about some outstanding discovery issues in this case in a good faith attempt to resolve matters.  This letter is in response to your email dated December 10, 2019 about outstanding discovery.

        I am again attaching of Plaintiff's request for production of documents dated June 15, 2019; and Plaintiff's request for production of documents dated June 26, 2019; and Plaintiff's request for production of documents dated September 5, 2019.  Additionally, I am attaching the IRS form 4506.  This version has both Paul Law and Lourdes Law signing the document as they likely filed together.  I have also typed in their social security number so those are legible in the document.   A moment ago, I just reviewed my records to find that I have sent you the attached requests no less than two prior times via email.  I must kindly ask you to respond to the requests.

**FAILURE TO RESPONSE TO REQUEST #1 OF JUNE 15, 2019 REQUESTS FOR PRODUCTION**

        Your response to the June 15, 2019 request for production are inadequate.  In demand one (1) of Paul Law's response, you requested more documents in order to respond to the request.  I would direct you to the email that Mr. Law sent to the Court wherein he indicated that "I will more than happy to provide more evidence if your Honor so demand so."   Your email claims that you need "facts and circumstance which prompt my client to

MANTA-000000122



**B. Shamus O'Donniley, Esq.**
39-07 Prince Street, Suite 6F
Flushing, New York 11354
☎ +1(718) 310-3051

**B. Shamus O'Donniley, Esq., PLLC**
777 Brickell Avenue, Suite 500-9678
Miami, Florida 33131
☎ +1(305) 615-5385

Shamus@lawyer.com

say what you claimed he said" in order to respond to the request. The email that your client sent to the Court is attached as Exhibit 1 to the June 15, 2019 requests for production and also is ECF # 60. The email contained in ECF #60 is the fact and circumstance of the request. Mr. Law's email to the Court that appears as ECF #60 seems to indicate Mr. Law is in possession of evidence that he is willing to provide if the Court requests it. Request number 1 in the June 15, 2019 requests for production is seeking whatever evidence Mr. Law is referencing in that email. Your response is not responsive. I must request that you provide such documents or respond that Mr. Law does not possess any such evidence forthwith. I have again attached the June 15, 2019 requests for production with Exhibits.

### FAILURE OF BOTH PAUL LAW AND LOURDES LAW TO
### RESPOND TO JUNE 26, 2019 REQUEST FOR PRODUCTION

I have not received a response to the request for production dated June 26, 2019 that is directed to both Paul Law and Lourdes Law. I expect responses to that request for production from both Paul Law and Lourdes Law forthwith. I again attached a copy of the June 26, 2019 request for production.

### FAILURE OF LOURDES LAW TO RESPOND
### TO REQUEST FOR PRODUCTION DATED SEPT. 5, 2019

I also have not received responses to the request for production directed exclusively to Lourdes Law that was dated September 5, 2019. Included with that request is one that Mrs. Law execute a form 4506 for her personal tax returns. I have not received an original executed form 4506 from Mrs. Law. I expect a response to the request for production dated September 5, 2019 forthwith and also kindly request that you forward to me an original form 4506 executed by Mrs Law. As indicated above, this version has both Paul Law and Lourdes Law signing the document as they likely filed together. I have also typed in their social security number so those are legible in the document.

Thank you for your anticipated cooperation in resolving these issues.

Yours truly,

/s/B. Shamus O'Donniley, Esq.

MANTA-000000123

# Re: letter motion for discovery order

Received: ➔ **Thursday, December 12, 2019 3:00 PM**

From: **Shamus ODonniley shamus@lawyer.com**

To: **cyhhwang2010@gmail.com, cyhlawoffice@gmail.com**

Mr. Hwang:

Please see the attached correspondence in reply to your below emails.

Thank you,
Shamus O'Donniley

Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S federal tax advice contained in this communication (including any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) Avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

Nothing in the above email is to be construed as an offer or acceptance of a settlement unless the said agreement is reduced to writing in a separate document and signed by the the sender's client.

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply email.

**Sent:** Dec 10, 2019 3:03:59 PM
**From:** Hwang Law Office <cyhlawoffice@gmail.com>
**To:** "shamus@lawyer.com" <shamus@lawyer.com>
**Subject:** Re: letter motion for discovery order

As far as as request #1 of Plaintiff's request for production of documents dated June 15, 2019, please give me the facts and circumstance which prompt my client to say what you claimed he said.  Maybe I can understand what he meant.  As of now I do not know what  kind of evidence you are asking for.

United Solutions Law office

39-01 Main Street

Suite 510

Flushing, NY  11354

Tel: 718.688.9765

On Tue, Dec 10, 2019 at 2:58 PM Hwang Law Office <cyhlawoffice@gmail.com> wrote:

Today I received a copy of the Letter motion for discovery order.  I do not believe I have a copy of the Plaintiff's request for production of documents dated June 26,  2019, September 5, 2019.  If you send them to me I will surely respond as soon as possible.  As far as to the 4506 form for Lourdes Low.  I will be able to send the original to you in a few days.

United Solutions Law office

39-01 Main Street

Suite 510

Flushing, NY  11354

Tel: 718.688.9765

---

| | |
|---|---|
| 📄 | **12.11.19 Laws Disco Letter.pdf** <br> 154.72 KB |

| | |
|---|---|
| 📄 | **6.15.19 --RFP to PAUL LAW.pdf** <br> 394.16 KB |

| | |
|---|---|
| 📄 | **6.26.19 3rd RFP.pdf** <br> 66.17 KB |

| | |
|---|---|
| 📄 | **9.5.19 --RFP to LOURDES LAW.pdf** <br> 89.74 KB |

| | |
|---|---|
| 📄 | **f4506.pdf** <br> 105.28 KB |

MANTA-000000125