UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Manta Industries Ltd.,

                    Plaintiff,

-against-

Law, et al.,

                    Defendants.

No. 16-cv-8308 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are Plaintiff's motion for sanctions against Defendants Paul and Lourdes Law, the Laws' opposition, and Plaintiff's reply.[1]  For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I.    **Background**

    Plaintiff commenced this action on October 25, 2016, bringing claims for, among others, (1) piercing the corporate veil, (2) fraudulent conveyance, (3) breach of a fiduciary duty, and

---

[1] (Notice of Pl.'s Mot. for Sanctions, dated Oct. 23, 2023 [dkt. no. 109]; Pl.'s Mem. of Law in Supp. of Mot. for Sanctions ("Pl.'s Br."), dated Oct. 23, 2023 [dkt. no. 111]; Decl. of B. Shamus O'Donniley in Supp. of Pl.'s Mot. for Sanctions ("O'Donniley Decl. in Supp. of Mot."), dated Oct. 23, 2023 [dkt. no. 113]; Paul Law's Aff. in Opp'n to Pl.'s Mot. ("Paul Law Aff."), dated Nov. 23, 2023 [dkt. no. 131]; Lourdes Law's Aff. in Opp'n to Pl.'s Mot. ("Lourdes Law Aff."), dated Nov. 23, 2023 [dkt. no. 132]; Decl. of Chi-Yuan Hwang in Opp'n to Pl.'s Mot. for Sanctions ("Hwang Decl. in Opp'n to Mot."), dated Nov. 21, 2023 [dkt. no. 137]; Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Sanctions ("Opp'n Br."), dated Nov. 23, 2023 [dkt. no. 138]; Decl. of B. Shamus O'Donniley in Supp. of Pl.'s Reply to Defs.' Response ("O'Donniley Decl. in Supp. of Reply"), dated Dec. 1, 2023 [dkt. no. 140]; Reply Mem. of Law in Supp. of Pl.'s Mot., dated Dec. 1, 2023 [dkt. no. 141].)

(4) aiding and abetting breach of a fiduciary duty based on Defendants' alleged fraudulent transfer of assets to avoid an unfavorable judgment in a related case. (See dkt. no. 8.) Since its filing, this action has inched forward at a snail's pace. Plaintiff asserts that it first served discovery requests on Defendant Paul Law more than six years ago, and the parties have made nominal progress since. (See O'Donniley Decl. in Supp. of Mot. ¶ 5.)

### A.   Discovery Efforts

On April 7, 2018, Plaintiff served a first set of requests for production and interrogatories on Mr. Law. (Id.) Although Mr. Law agreed to produce the requested documents and answer interrogatories by June 15, 2018, he did not. (Id. ¶¶ 6-7.) On February 11, 2019, the Court ordered Mr. Law to appear for a deposition on April 25, 2019. (Dkt. no. 52.) Mr. Law appeared, without his counsel, and he refused to answer questions. (O'Donniley Decl. in Supp. of Mot. ¶ 9.)

On June 4, 2019, Mr. Law emailed the Court that the claims filed against him were false, and he offered to provide evidence demonstrating as much. (Id. ¶ 10; see also dkt. no. 60.) Moreover, in the same email, he asked the Court not to add his wife, Mrs. Law, or company, Fashion Industries, Ltd., as defendants in this case. (Dkt. no. 60.)

Shortly after, on June 17, 2019, Plaintiff filed its second amended complaint ("SAC"), adding Mrs. Law and Fashion Industries, Ltd. as Defendants.  (SAC, dated June 17, 2019 [dkt. no. 62] ¶¶ 6-7.)  The SAC and accompanying exhibits were served on Mr. Law on July 8, 2019 and served on Mrs. Law on July 26, 2019.  (Dkt. no. 81.)

On August 21, 2019, the Laws answered Plaintiff's SAC.  (See dkt. no. 85 ("Answer").)  That same day, Plaintiff apparently emailed the Laws' counsel copies of the unanswered discovery requests dated April 7, 2018, June 15, 2018, and June 26, 2019, as well as the document requests attached to three earlier deposition notices.  (See O'Donniley Decl. in Supp. of Mot. ¶ 15.)  Plaintiff also notified counsel of three Court orders directing the Laws to respond to those requests.  (See id. (citing dkt. nos. 47, 49, 52).)

On September 3, 2019, this Court issued an order directing Mr. Law (1) to appear for a continued deposition on October 25, 2019; (2) to answer each and every non-privileged question during the deposition; and (3) to provide responses by September 20, 2019 to Plaintiff's April 7, 2018, June 15, 2018, and June 26, 2018 requests for documents, as well as the documents identified in the March 22, 2018 notice of deposition.  (Dkt. no. 92.)  Moreover, the September 3, 2019 Order warned the Laws that "FAILURE TO COMPLY MAY RESULT IN SANCTIONS."  (Id.)  The Laws did not produce

responses or documents, and Mr. Law did not appear for the continued deposition on October 25, 2019. (See O'Donniley Decl. in Supp. of Mot. ¶¶ 17-18.)

Between September 16, 2019 and November 31, 2019, Mr. Law produced 22 pages of responses to Plaintiff's sixth amended notice of deposition. (See Hwang Decl. in Opp'n to Mot. ¶ 1; id., Ex. A.) To each document request, Mr. Law responded, "None Available." (See Hwang Decl. in Opp'n to Mot., Ex. A; O'Donniley Decl. in Supp. of Mot. ¶ 24.)

Via a consent order dated November 26, 2019, Mr. Chi-Yuan Hwang became counsel for all Defendants, including the Laws. (See dkt. no. 99.) On December 12, 2019, Plaintiff's counsel emailed Mr. Hwang to inform him of the outstanding, unanswered discovery requests. (O'Donniley Decl. in Supp. of Mot. ¶ 25; O'Donniley Decl. in Supp. of Reply ¶ 31; id., Ex. 4.) Plaintiff's counsel asserts that he also called Mr. Hwang to explain the same. (O'Donniley Decl. in Supp. of Mot. ¶ 26.) Later that day, on December 12, 2019, Mrs. Law delivered her "Response to Plaintiff's Third Request for Production from Defendant" and "Response to Plaintiff's First Request for production from Lourdes Law." (Id. ¶ 27.) Like Mr. Law, Mrs. Law responded, "None Available" to each request. (Id. ¶ 28; id., Ex. 5.) She also attached IRS Forms 4506, which Plaintiff asserts were incorrectly completed. (O'Donniley Decl. in Supp. of Mot. ¶ 27.)

On January 14, 2020, this Court entered an order compelling the Laws to provide responses to "various discovery requests" in light of Plaintiff's unavailing efforts to obtain the required production. (See dkt. no. 100.) In the same order, this Court reminded the Laws that "failure to comply with this order may result in sanctions." (Id.)

On January 16, 2020, this Court entered another order, specifically detailing the outstanding discovery requests. (See dkt. no. 102.) The Court ordered Mr. Law to provide responses to (1) Request #1 of Plaintiff's request for production of documents dated June 15, 2019, and (2) all requests in Plaintiff's request for production of documents dated June 26, 2019. (Id.) The Court further ordered Mrs. Law to provide responses to (1) all requests in Plaintiff's request for production dated June 26, 2019; (2) the request for production dated September 5, 2019; and (3) her signed IRS Form 4506 for tax years 2011, 2012, 2013, 2014, 2015, 2016, 2017, and 2018. (Id.) The Court once again warned the Laws that "FAILURE TO COMPLY MAY RESULT IN SANCTIONS." (Id.) The Laws' deadline to respond was February 17, 2020. (Id.) Neither Mr. Law nor Mrs. Law provided responses or produced documents by February 17, 2020. (O'Donniley Decl. in Supp. of Mot. ¶ 32.)

On April 24, 2020, the Laws' attorney sent Plaintiff's counsel a letter explaining why Mr. Law did not attend his deposition on October 25, 2019 and offered to reschedule it. (Hwang Decl. in

Opp'n to Mot. ¶ 7; O'Donniley Decl. in Supp. of Reply, Ex. 2.)
The letter made no mention of the status of the outstanding
discovery requests.  To the Court's knowledge, this communication
was the last between the parties until the filing of this motion.

**B.   Motion for Sanctions**

On October 17, 2023, Plaintiff filed the instant motion,
requesting that the Court strike the Laws' Answer to the SAC, enter
default judgment against them and schedule a damages hearing, and
direct the Laws to pay Plaintiff's reasonable attorney's fees and
costs incurred in preparing this motion.  (See generally Pl.'s
Br.)  The Court extended the Laws' time to respond to November 17,
2023.  (Dkt. no. 115.)  On November 16, 2023, the day before the
Laws' opposition filing deadline, the Laws' counsel sent
Plaintiff's counsel numerous documents containing, among others,
tax returns for Defendant Fashion Industries, Ltd. and amended
responses to discovery requests for the Laws.  (O'Donniley Decl.
in Supp. of Reply, Ex. 1.)

On November 21, 2024, the Laws filed their opposition brief,
representing to the Court that there are no outstanding discovery
requests.  (See Opp'n Br. ¶ 10.)  Over the following days, the
Laws' counsel sent Plaintiff's counsel a series of emails
containing various documents, including amended discovery request
responses, tax returns, and other documents not requested by
Plaintiff.  (O'Donniley Decl. in Supp. of Reply ¶¶ 10-15, 17.)

Based on the Court's understanding, the majority of Plaintiff's requests are outstanding, and, to the extent that the Laws have provided responses, they do not comply with the Federal Rules of Civil Procedure.

## II.  **Applicable Law**

Pursuant to Federal Rule of Civil Procedure ("Rule") 37, a district court may impose sanctions on a party for disobeying a discovery order.  Fed. R. Civ. P. 37(b)(2).  Possible sanctions include, among others, striking pleadings or rendering a default judgment against the disobedient party.  See id.

Although the decision to impose Rule 37 sanctions rests soundly within a district court's discretion, see John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988), dismissal or default judgment under Rule 37 is "a drastic penalty which should be imposed only in extreme circumstances."  See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977)).  Default judgment under Rule 37 is warranted, however, where a party disobeys a court's discovery orders willfully, in bad faith, or through fault.  See S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010); John B. Hull, Inc., 845 F.2d at 1176.

Courts in this Circuit apply a four-factor test to determine whether entry of a harsher sanction is warranted.  These factors

assess (1) the reason for noncompliance or the willfulness of the noncompliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned of the potential consequences. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Still, the presiding court may look beyond these factors to consider the full record when selecting the appropriate sanction. See S. New Eng. Tel. Co., 624 F.3d at 144.

Moreover, "[i]nstead of or in addition to" Rule 37 sanctions, a court "must" award payment of reasonable expenses, including attorney's fees, caused by the disobedient party's noncompliance unless doing so would be unjust. Fed. R. Civ. P. 37(b)(2)(C).

## III. **Discussion**

Plaintiff moves for Rule 37 sanctions, requesting that the Court strike the Laws' Answer, enter default judgment against them and schedule a damages hearing, and award Plaintiff the reasonable expenses incurred in preparing the instant motion. (See Pl.'s Br. ¶¶ 60-61.) Specifically, Plaintiff asserts that the Laws have willfully disregarded the Court's discovery orders and lesser sanctions would be ineffective. (See id. ¶¶ 35, 41, 44, 49.)

The Laws oppose, arguing that their responses were complete and that Plaintiff's failure to reschedule the Laws' depositions or otherwise respond to their April 24, 2020 letter demonstrates Plaintiff's failure to confer in good faith. (See Opp'n Br.

¶¶ 10-14.)   For the following reasons, the Court finds that sanctions of some type are warranted, but it declines to strike the Answer and enter a default judgment at this time.

### A.   Willfulness of Noncompliant Party

The first factor of the Court's analysis is the willfulness of a noncompliant party.   Noncompliance is willful "when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control."   See Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (citation omitted).   A party's "persistent refusal to comply" with discovery orders is evidence of willfulness.   See id. (quoting Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993)).   Moreover, courts also construe a party's half-hearted attempt at compliance as willful. See Ramgoolie v. Ramgoolie, 333 F.R.D. 30, 36 (S.D.N.Y. 2019).

The Laws' noncompliance in this litigation is clearly willful.   Their participation in the discovery process has been minimal to nonexistent.   They have blatantly, and on numerous occasions, ignored Court orders and discovery deadlines imposed in this case.   Specifically, (1) Mr. Law has disobeyed the September 3, 2019 Order directing him to appear for continued deposition on October 25, 2019 and to provide responses to Plaintiff's three previously filed requests for production; (2) the Laws have disobeyed the January 14, 2020 Order directing

them to respond to several unanswered discovery requests; and (3) the Laws have disobeyed the January 16, 2020 Order again directing them to respond to Plaintiff's unanswered discovery requests.

Additionally, before Plaintiff filed the SAC, Mr. Law had violated (1) the June 5, 2018 Order directing him to respond to Plaintiff's first requests for production and interrogatories, and (2) the February 11, 2019 Order directing him to appear for a deposition on April 25, 2019. The Laws' discovery responses of "None Available," without detailing any of the efforts taken to locate these documents, further demonstrate willfulness. See, e.g., id. (considering a "half-hearted" effort to comply with discovery orders as evidence of willfulness).

Now, in response to Plaintiff's motion for sanctions, Mr. Law attempts to recast his noncompliance as a "mistake," which he attributes to his age, purported memory loss, and the distraction of his sister's 2019 wedding. (See Paul Law Aff. at 2.) Mrs. Law responds that she is a first-time litigant and that she believed her deposition had been rescheduled. (See Lourdes Law Aff. at 1-2.)

Still, the Laws' reasons fail to explain their noncompliance with multiple Court orders entered over the past six years. Moreover, at no point did the Laws move the Court for an extension of any discovery deadline, an adjournment, or any other form of

relief.    Nor  did  they  offer  an  explanation  to  the  Court  or Plaintiff's  counsel,  at  least  not  until  confronted  with  a  motion for  sanctions,  as  to  why  they  failed  to  comply  with  each  discovery order.    See  also  S. New  Eng. Tel. Co., 624 F.3d at 148 (finding that  failure  to  provide  an  explanation  for  the  noncompliance  was evidence  of  willfulness).

The  Laws  also  contend  that  their  November  2023  production, made  in  response  to  Plaintiff's  filing  of  the  instant  motion,  puts them  in  full  compliance  with  the  outstanding  discovery  orders. (See Opp'n Br. ¶ 12.)    But  many  of  the  documents  produced  by  the Laws  duplicated  documents  already  possessed  by  Plaintiff  or  were non-responsive.    (See O'Donniley Decl. in Supp. of Reply ¶¶ 14-17.) The  Laws  have  yet  to  produce  any  purchase  orders  or  invoices  or  to provide  evidence  that  they  performed  a  reasonable  inquiry  to  locate these  documents.    (See id. ¶ 17.)

Accordingly,  the  Court  finds  that  the  Laws  have  acted willfully,  and  this  factor  favors  sanctions.

### B.  Efficacy of Lesser Sanctions

Turning  to  the  second  factor,  Plaintiff  contends  that  there are  "no  reasonable  alternative  sanctions."  (Pl.'s Br. ¶ 49.)    The Laws'  actions  to  date  demonstrate  that  the  imposition  of  lesser sanctions  might  not  be  effective.    As  recounted  supra,  the  Laws have  disobeyed  numerous  discovery  orders.

Still, the Laws' production at the end of November 2023 perhaps shows a future willingness to engage in the discovery process. Additionally, the Laws were the ones who last attempted to reschedule their depositions, and they assert now that they are willing to continue discovery. (See Opp'n Br. ¶¶ 8, 12; Paul Law Aff. at 2; Lourdes Law Aff. at 2.) Also relevant to the Court's analysis are the 3.5 years between the April 24, 2020 letter and Plaintiff's filing of this motion for sanctions. Plaintiff seemingly did not take any steps to reschedule the depositions or to progress discovery during the interim years.[2] The Court is thus unwilling to say, at this moment, that lesser sanctions would not be effective when so much time has passed without any effort by either side. Thus, this factor is neutral.

**C.  Duration of Period of Noncompliance**

The third factor counsels in favor of sanctions. Courts in this district have found that noncompliance for a period of several months is sufficient to warrant dismissal or default. See, e.g., Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (three months); Agiwal, 555 F.3d at 303 (six

---

[2] Although the Court acknowledges that the timing of the April 24, 2020 letter during the height of the COVID-19 pandemic suggests that counsel might not have been able to reschedule a timely deposition, the Court sees no reason why the parties could not have resumed discovery in the years following.

months); Urbont v. Sony Music Entm't, No. 11 Civ. 4516 (NRB), 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (six months).

Mr. Law began to flout Court orders on June 5, 2018. (See O'Donniley Decl. in Supp. of Mot. ¶¶ 6-7.)  Mrs. Law, who became a party in 2019, first defied a Court order on January 14, 2020.  (Id. ¶¶ 31-32.)  Even if the Court were to overlook the 3.5-year hiatus between 2020-2023, the duration of the Laws' noncompliance is nonetheless sufficient to favor imposition of a harsher sanction.

D.  **Sufficiency of the Warnings**

The final factor tilts slightly in favor of sanctions. Entries of default judgment against represented clients require sufficient notice.  See Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013) (citing Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 270 (2d Cir. 1999)).  Notice is sufficient so long as it warns the disobedient party that serious sanctions are imminent.  See, e.g., id. at 452-53; see also Ramgoolie, 333 F.R.D. at 38 ("Warnings need not mention the phrase 'default judgment'; regular warnings that noncompliance may result in discovery sanctions are adequate." (citing Guggenheim, 722 F.3d at 452)).

The Court has warned the Laws on three occasions that sanctions may apply.  The September 3, 2019 Order stated, "FAILURE TO COMPLY MAY RESULT IN SANCTIONS." (Dkt. no. 92.) On January 14, 2020, the Court cautioned, "Mr. and Mrs. Law are reminded that

failure to comply with this order may result in sanctions."
(Dkt. no. 100.) Again, on January 16, 2020, the Court reiterated,
"FAILURE TO COMPLY MAY RESULT IN SANCTIONS." (Dkt. no. 102.)
Although these warnings did not explicitly identify default
judgment as the possible sanction, the Laws, who are represented
by counsel, were clearly on notice that default judgment could be
a consequence. See Guggenheim, 722 F.3d at 453; S. New Eng. Tel.
Co., 624 F.3d at 144. Thus, the Court finds that the warnings
afforded here—that is, three separate Court orders—were sufficient
to give the Laws notice, and this final factor weighs in favor of
sanctions.

Accordingly, having weighed the applicable factors, the Court
finds that sanctions are warranted. Nevertheless, because the
parties had not engaged with each other for 3.5 years prior to
briefing this motion, the Court extends the Laws one final
opportunity to come to the table before it strikes the Answer and
considers whether Plaintiff is entitled to default judgment. That
is, any further delay or failure by the Laws to produce the
outstanding documents requested by Plaintiff or to comply with the
Court's orders will result in the Court's striking their Answer.

Additionally, because sanctions are merited, Plaintiff is
awarded those reasonable expenses, including attorney's fees, that
it incurred in preparing the instant motion.

IV. **Conclusion**

For the foregoing reasons, Plaintiff's motion for sanctions, (dkt. no. 109), is granted in part and denied in part as follows. The Court grants Plaintiff's request for monetary sanctions to the extent allowed under Rule 37(b)(2)(C). The parties shall confer and propose a schedule for Plaintiff's request for monetary sanctions.

Additionally, Mr. and Mrs. Law are ordered to appear for a continued deposition on a date and time to be determined by the parties but not later than September 13, 2024. Mr. and Mrs. Law are to answer each and every question asked at their depositions unless the question is protected by a privilege. The Laws must also provide responses, in a manner that complies with the Court's orders and the Federal Rules of Civil Procedure, by no later than August 26, 2024. Plaintiff shall provide the Laws and their counsel with a copy of all outstanding discovery requests by no later than August 14, 2024. The parties may adjust these dates on consent.

Should the Laws fail to comply fully with the terms of this order by September 13, 2024, then Plaintiff, by letter, may renew its motion for sanctions to strike the Answer, enter a default judgment against the Laws, and schedule a damages hearing.

**SO ORDERED.**

Dated:      August 12, 2024
            New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge