UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Manta Industries Ltd.,<br><br>     Plaintiff,<br><br>-against-<br><br>Yogesh M. Anand and Kum S. Casanova,<br><br>     Defendants. | No. 16-cv-8308 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Plaintiff's motion for sanctions against Defendants Yogesh Anand, Jonathan Anand, and Kum Casanova.[1] For the reasons set forth below, Plaintiff's motion is GRANTED with respect to Yogesh Anand and Kum Casanova (hereinafter "Defendants").[2]

---

[1] (See Notice of Pl.'s Mot. for Sanctions ("Pl.'s Mot."), dated July 8, 2019 [dkt. no. 75]; Decl. of B. Shamus O'Donniley in Supp. of Pl.'s Mot. for Sanctions ("O'Donniley Decl. in Supp. of Mot."), dated July 8, 2019 [dkt. no. 76]; Pl.'s Mem. of Law in Supp. of Mot. for Sanctions ("Pl.'s Br."), dated July 8, 2019 [dkt. no. 77]; Defs.' Letter in Opp'n, dated Aug. 21, 2024 [dkt. no. 152-1]; Pl.'s Letter, dated Aug. 21, 2019 [dkt. no. 152]; Decl. of B. Shamus O'Donniley in Reply to Defs.' Response ("O'Donniley Decl. in Reply"), dated Aug. 30, 2019 [dkt. no. 90].)

[2] On December 4, 2023, Plaintiff moved to amend its complaint and voluntarily dismissed its claims against Defendant Jonathan Anand due to his pending bankruptcy proceedings. (See dkt. no. 142.) The Court granted the motion and, on December 11, 2023, terminated Jonathan Anand as a party in this case. (See dkt. no. 144.) Consequently, the Court construes the present motion as brought against only the remaining Defendants, Yogesh Anand and Kum Casanova. Any discussion of Defendants' opposition refers only to dkt. no. 152, the letter from Yogesh Anand and Kum Casanova, and (continued on next page)

**I.   Background**

Plaintiff commenced this action on October 25, 2016, bringing claims for, among others, (1) piercing the corporate veil, (2) fraudulent conveyance, (3) breach of a fiduciary duty, and, as applied to Defendant Kum Casanova, (4) aiding and abetting breach of a fiduciary duty based on Defendants' alleged fraudulent transfer of assets to avoid an unfavorable judgment in a related case. (See dkt. no. 8.)  Since its filing, this action has barely progressed.  Plaintiff first served discovery requests on Defendants more than six years ago, and the parties have made no progress since.  (See O'Donniley Decl. in Supp. of Mot. ¶¶ 5-9.)

**A.   Discovery Efforts**

On August 18, 2017, the parties jointly filed a discovery plan with scheduled deadlines.  (See dkt. no. 42.)  Defendants missed all deadlines therein, and, on June 5, 2018, the Court ordered Defendants, for the first time, to comply with the discovery deadlines.  (See O'Donniley Decl. in Supp. of Mot. ¶¶ 5-7; dkt. no. 47.)  In total, the Court issued four orders to compel Defendants' discovery production.  (See dkt. nos. 47, 49, 52, 53.)  Defendants defied each order in its entirety.  According to Plaintiff, to date, Defendants have produced no documents and

---

not dkt. no. 86, the Declaration of Jonathan Anand's attorney in opposition to Plaintiff's motion.

have refused to appear for their depositions.  (See Pl.'s Letter at 1; O'Donniley Decl. in Supp. of Mot. ¶ 9.)

The following recitation recounts Defendants' noncompliance in greater detail beginning with the first Court order:

On June 5, 2018, the Court approved the parties' stipulation, which set out that "Defendants will respond to Plaintiff's demand for production of documents . . . dated April 7, 2018 [by] June 15, 2018."  (See dkt. no. 47.)  Plaintiff then drafted its second amended notices of deposition and confirmed with Defendants' counsel that Defendants were available on the proposed dates.  (See O'Donniley Decl. in Supp. of Mot. ¶¶ 12-13; see also Pl.'s Mot., Ex. 8.)  Defendants and their counsel failed to appear for the scheduled depositions.  (See O'Donniley Decl. in Supp. of Mot. ¶ 14.)

On August 1, 2018, the Court entered a second order extending the discovery deadline for responses to the April 7, 2018 demands to September 8, 2018, with Defendant Kum Casanova's deposition to take place on October 15th and Defendant Yogesh Anand's deposition to take place on October 18th.  (See dkt. no. 49.)  Again, Defendants and their counsel failed to appear for the scheduled depositions.  (See O'Donniley Decl. in Supp. of Mot. ¶ 20.)

On February 11, 2019, the Court issued a third order setting new deposition dates for Defendants Kum Casanova and Yogesh Anand on April 24, 2019 and April 26, 2019, respectively.  (See

3

dkt. no. 52.)  Plaintiff drafted its third amended notice of deposition, reiterating its document requests and incorporating the deposition dates set out in the third Court order.  (See O'Donniley Decl. in Supp. of Mot. ¶ 22; Pl.'s Mot., Ex. 10.)

On April 24, 2019, the Court held a telephone conference, later memorialized in a fourth order, that, among other things, required Plaintiff to obtain proposals for remote depositions of Defendants and required Defendants to respond to Plaintiff's prior document requests.  (See dkt. no. 53.)  The Court also ordered Defendants to retrieve documents relevant to Plaintiff's requests from their prior counsel, Mr. Suri.  (See id. at 2.)  The Court warned three times in the same order that a "failure to comply may result in sanctions."  (See id.)

On May 8, 2019, Defendant Yogesh Anand emailed Plaintiff his sole response to the April 7, 2018 discovery requests, stating the following:

> "1) Request denied for exhibits 1 through 5, already produce and/or not related to Manta v Rich Kids.
>
>  2) Request Denied for documents requested already produce and/or not related to Manta v Rich Kids from Jon and Kum Casanova.
>
> Request denied for any other evidence which is not related to Manta v Rich Kids Jeans.
>
> After closing of the case Manta v Rich Kids and Judgment entered Rich Kids Jeans company was stoped business and closed the warehouse, every thing was dispose off."

(Pl.'s Mot., Ex. 14.)

4

On May 16, 2019, Plaintiff contacted Defendants with an estimate for the cost of remote depositions and, alternatively, proposed dates and locations for in-person depositions. (Id., Ex. 15.) Defendants never agreed to new deposition dates or substantively responded again other than to oppose this motion. (See Defs.' Letter in Opp'n at 1.) To date, neither the documents nor evidence of Defendants' communications with Mr. Suri have surfaced.

B.  **Motion for Sanctions**

On July 8, 2019, Plaintiff filed the instant motion, requesting that the Court strike Defendants' pleadings and enter a default judgment against them pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2). (See O'Donniley Decl. in Supp. of Mot. ¶ 32; Pl.'s Br. at 1.)

On July 24, 2019, the Court ordered Defendants to respond to the instant motion no later than August 23, 2019. (See dkt. no. 80.) Again, the Court warned Defendants that any "failure to respond timely may result in the imposition of sanctions." (Id.)

On August 21, 2019, Defendants sent the Court a letter opposing Plaintiff's motion and attributing their noncompliance to an interstate move and medical issues. (See Defs.' Letter in Opp'n at 1.) Defendants then contended that they would "make all diligent efforts to appear for suitably scheduled depositions" and

5

that they believed "[P]laintiff [had] obtained all required Discovery from the [D]efendants." (Id.)

Defendants have failed to make any efforts. According to Plaintiff, in the more than five years since Defendants submitted their opposition, "[n]o documents have been produced[,]" and "[n]o depositions have occurred." (Pl.'s Letter at 1.)

## II. Applicable Law

Plaintiff moves for sanctions under Rules 37(b)(2)(A)(iii), 37(b)(2)(A)(vi), and 55(b)(2), requesting that the Court strike Defendants' pleadings and enter default judgment against them. (See Pl.'s Mot. at 1.)

### A. Federal Rule of Civil Procedure 37

Pursuant to Rule 37, a district court may impose sanctions on a party for disobeying a discovery order. See Fed. R. Civ. P. 37(b)(2). Possible sanctions include, among others, striking pleadings or rendering a default judgment against the disobedient party. See id.

Although the decision to impose Rule 37 sanctions rests soundly within a district court's discretion, see John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988), dismissal or default judgment under Rule 37 is "a drastic penalty which should be imposed only in extreme circumstances." See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting Israel Aircraft Indus., Ltd. v. Standard

6

Precision, 559 F.2d 203, 208 (2d Cir. 1977)).  Default judgment under Rule 37 is warranted, however, where a party disobeys a court's discovery orders willfully, in bad faith, or through fault. See S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010); John B. Hull, Inc., 845 F.2d at 1176.

Courts in this Circuit apply a four-factor test to determine whether entry of a harsher sanction, such as default, is warranted. These factors assess (1) the reason for noncompliance or the willfulness of the noncompliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned of the potential consequences. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).  Still, the presiding court may look beyond these factors to consider the full record when selecting the appropriate sanction.  See S. New Eng. Tel. Co., 624 F.3d at 144.

**B.  Federal Rule of Civil Procedure 55**

A party may rely upon Rule 55 to support entry of a default judgment based on the same conduct alleged to support entry of a default judgment under Rule 37.  Pursuant to Rule 55, a party "default[s]" by failing "to plead or otherwise defend" the case at hand.  See Fed. R. Civ. P. 55(a).  The Court of Appeals has "embraced a broad understanding of the phrase 'otherwise defend.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d

7

Cir. 1981) ("failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial" each constitute a failure to "otherwise defend").  Although similar to the standard under Rule 37, the standard under Rule 55 differs some.  To determine whether a party has failed to answer or "otherwise defend" an action, a district court considers:  (1) the willingness of the conduct, (2) whether the defaulting party has a meritorious defense, and (3) any prejudice to the non-defaulting party.  Fed. Deposit Ins. Corp. v. US Mortg. Corp., 2023 WL 11899890, at *10 (E.D.N.Y. Oct. 30, 2023).

### III. Discussion

Plaintiff asserts that Defendants have willfully disregarded the Court's discovery orders and Plaintiff's discovery efforts, such that entry of a default judgment is warranted under Rules 37 and 55.  (See O'Donniley Decl. in Supp. of Mot. ¶ 32.)  Defendants argue only that their move from New York to Virginia and Defendant Kum Casanova's multiple surgeries in 2019 prevented their prior compliance with the Court's discovery orders.  (See Defs.' Letter in Opp'n at 1.)  For the following reasons, the Court finds that

imposition of Rule 37 sanctions and entry of default judgment under Rule 55 are warranted.

### A.   Rule 37 Sanctions

Plaintiff moves first, under Rule 37, for the Court to strike Defendants' Answer and to enter a default judgment against them. The Court considers the relevant factors under Rule 37 below.

#### i.   Willfulness of Noncompliant Party

The first factor of the Court's analysis is the willfulness of a noncompliant party.  Noncompliance is willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control."  See Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (citation omitted).  A party's "persistent refusal to comply" with discovery orders is evidence of willfulness.  See id. (quoting Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 509 (S.D.N.Y. 1993)).  Moreover, courts also construe a party's half-hearted attempt at compliance as willful. See Ramgoolie v. Ramgoolie, 333 F.R.D. 30, 36 (S.D.N.Y. 2019).

Defendants' noncompliance in this litigation is clearly willful.  Their participation in the discovery process has been nominal at best.  They have blatantly and repeatedly ignored Court orders and discovery deadlines both while represented by counsel and pro se.  See Agiwal, 555 F.3d at 302 (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll litigants,

9

including pro ses, have an obligation to comply with court orders[.]") Specifically, (1) Defendants entirely disobeyed the June 5, 2018 stipulation & order directing them to appear for scheduled depositions in July 2018 and to provide responses to Plaintiff's April 7, 2018 requests for document production and interrogatories before June 15, 2018; (2) Defendants entirely disobeyed the August 1, 2018 order directing them to appear for depositions on October 15 and 18, 2018 and to provide responses to Plaintiff's April 7, 2018 and June 30, 2018 requests for document production and interrogatories before September 8, 2018; (3) Defendants entirely disobeyed the February 11, 2019 order to appear for depositions on April 24 and 26, 2019, respectively, and to provide Plaintiff with IRS Form 4506 authorizing the release of tax returns; and (4) Defendants entirely disobeyed the April 24, 2019 order to arrange for and appear at video depositions, to provide the aforementioned IRS Form, and to provide documents responsive to Plaintiff's prior document requests. (See dkt. nos. 47, 49, 52, 53.)

Additionally, Defendants' only discovery responses of "already produce and/or not related" further demonstrate willfulness because Defendants never produced documents or detailed efforts taken to locate or obtain "related" files. (See Pl.'s Mot., Ex. 14; Pl.'s Letter at 1); see, e.g., Ramgoolie, 333

F.R.D. at 36 (considering "half-hearted" efforts to comply with discovery orders as evidence of willfulness).

In response to Plaintiff's motion for sanctions, Defendants attempt to recast their noncompliance as "neither intentional nor deliberate," attributing delay to their interstate move and Defendant Kum Casanova's surgeries. (See Defs.' Letter in Opp'n at 1.)

Still, Defendants' excuses fail to explain their complete noncompliance with multiple Court orders over the past six years, let alone evince anything other than willfulness. At no point did Defendants move the Court for an extension of any discovery deadline, an adjournment, or any other form of relief. Nor did they offer an explanation as to why they failed to comply with each discovery order until they were facing a motion for sanctions. (See Pl.'s Br. at 3); see also S. New Eng. Tel. Co., 624 F.3d at 148 (finding that failure to provide an explanation for the noncompliance was evidence of willfulness).

Defendants also contend that their May 8, 2019 response to Plaintiff's interrogatories puts them in full compliance with the outstanding discovery orders. (See Defs.' Letter in Opp'n at 1.) But Defendants fail to address the fact that they have never produced any documents, making their responses completely noncompliant with the Court's orders and Plaintiff's requests. (See id.; O'Donniley Decl. in Supp. of Reply ¶¶ 27, 32.)

11

Defendants claim their prior counsel, Mr. Suri, is in receipt of their responsive documents. (See dkt. no. 53 at 2.)  However, to date, neither Mr. Suri nor Defendants have produced said documents despite efforts by Plaintiff's counsel and the Court's orders. (See Pl.'s Mot., Ex. 15 at 4.)

Accordingly, the Court finds that Defendants have acted willfully, and this factor favors sanctions.

### ii.   Efficacy of Lesser Sanctions

Turning to the second factor, the Court must consider whether lesser sanctions are available as effective alternatives. See Agiwal, 555 F.3d at 302.  Under Rule 37(b)(2)(A), courts may impose the following sanctions:  directing designated facts be taken as established, prohibiting support of claims or defenses, striking pleadings, staying proceedings, dismissing the action, rendering default judgment, or treating disobedience as contempt of court. Fed. R. Civ. P. 37(b)(2)(A).  Additionally, courts may impose monetary sanctions as they see fit to compel compliance. See Fed. R. Civ. P. 37(b)(2)(C); see also Funk v. Belneftekhim, 861 F.3d 354, 373 (2d Cir. 2017).

Defendants' actions demonstrate that the imposition of lesser sanctions will likely not be effective because they have already disobeyed numerous discovery orders. Moreover, after receiving remote deposition cost estimates and alternative in-person deposition dates from Plaintiff's counsel, Defendants have done

nothing for over five years. (See Pl.'s Mot., Ex. 15; Pl.'s Letter at 1.)  Consequently, lesser enforcement mechanisms are unlikely to be effective at this juncture because, for nearly six years, they have not been effective.  This factor favors imposition of harsher sanctions.

### iii. Duration of Period of Noncompliance

The duration of Defendants' noncompliance also counsels in favor of sanctions.  Indeed, courts in this district have found that noncompliance for a period of several months is sufficient to warrant dismissal or default.  See, e.g., Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (three months); Agiwal, 555 F.3d at 303 (six months); Urbont v. Sony Music Ent., 2014 WL 6433347, at *4 (S.D.N.Y. Nov. 6, 2014) (six months).

Defendants began to flout Court orders in 2018.  (See dkt. no. 47 O'Donniley Decl. in Supp. of Mot. ¶¶ 17-19.)  The multi-year duration of Defendants' noncompliance is sufficient to favor imposition of a harsher sanction.

### iv. Sufficiency of the Warnings

The final factor also favors sanctions given the multiple verbal and written warnings Defendants received as to the possibility of sanctions.  Entries of default judgment against pro se litigants require sufficient notice.  See Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013) (finding sufficient notice for an entry of default under Rule 37 sanctions where

13

numerous verbal and written warnings were given to a party "both while represented by counsel and not . . . .")); see also Agiwal, 555 F.3d at 303 (finding sufficient notice for dismissal pursuant to Rule 37 against a pro se litigant where multiple court orders concerning discovery warned of the possibility of sanctions). Notice is sufficient so long as it warns the disobedient party that serious sanctions are imminent. See, e.g., Guggenheim, 722 F.3d at 452-53; see also Ramgoolie, 333 F.R.D. at 38 ("Warnings need not mention the phrase 'default judgment'; regular warnings that noncompliance may result in discovery sanctions are adequate." (citing Guggenheim, 722 F.3d at 452)).

Defendants have received several warnings that sanctions may apply.  First, in its February 11, 2019 order, the Court cautioned Defendants that "failure to appear [for scheduled video depositions] will be defaulted[.]"  (Dkt. no. 52.)  Second, in its April 24, 2019 order, the Court stated three times that "[f]ailure to comply may result in sanctions." (See dkt. no. 53 at 2.)  Thus, the Court finds that the warnings afforded here were sufficient to give Defendants notice, and the final factor also weighs in favor of sanctions.

Because all factors favor sanctions, the Court finds that they are warranted under Rule 37.  This case has been at a standstill for years due to Defendants' inaction, something they refuse to change.  Consequently, the Court finds it appropriate to

14

strike Defendants' Answer and to enter a default judgment pursuant to Rule 37.

### B. Default Judgment under Rule 55

The Court also finds it appropriate to enter default judgment against Defendants under Rule 55. A party may be found to have "consciously abandoned" its defense when it fails to respond to discovery requests, comply with Court orders, or retain new counsel, among other things. Buffalo Laborers Welfare Fund v. Elliott, 2008 WL 907385, at *3 (W.D.N.Y. Mar. 31, 2008) (striking defendant's answer and entering default judgment); see also Au Bon Pain Corp., 653 F.2d at 65 (defendant failed to "otherwise defend" by "failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answer to interrogatories, and failing to appear for trial").

The Court finds that Defendants failed to defend because they (1) acted willfully, (2) have no meritorious defense, and (3) their default presents no prejudice to Plaintiff. First, as discussed above, Defendants record of noncompliance evinces willfulness. See Guggenheim, 722 F.3d at 455 ("[T]he willful violations of the district court's discovery orders may be construed as a failure to defend [against default judgement.]"). Second, Defendants' defense is not meritorious because they provide no legal defense against the substance of this litigation, the enforcement of a prior judgment against Defendants. (See Second Amended Complaint

15

¶¶ 11-12, dated May 31, 2019 [dkt. no. 62]); see also Fed. Deposit Ins. Corp., 2023 WL 11899890, at *11-12 (finding a meritorious defense where a party consistently denied liability through plausible legal theory and did not evince willfulness or bad faith). Finally, Plaintiff will not be prejudiced by the default; rather, after nearly six years, a default permits Plaintiff to take one step forward toward accessing the requested relief.

Therefore, given the record of Defendants' noncompliance and the litigation's stagnant condition, the Court finds Defendants to have "consciously abandoned" their defense and concludes that entry of a default judgment under Rule 55 is appropriate. See Guggenheim, 722 F.3d at 455 (affirming default judgment under Rule 55 where defendant willfully defaulted and presented no meritorious defense); see also Theodosia Billie Sts. v. Mangena, 2024 U.S. Dist. LEXIS 190142, at *7 (S.D.N.Y. Oct. 18, 2024), report and recommendation adopted, Theodosia Billie Sts. v. Mangena, 2024 U.S. Dist. LEXIS 204489 (S.D.N.Y. Nov. 8, 2024) (doing the same where defendant ignored two court orders and failed to appear at a conference); Gilead Scis., Inc. v. Safe Chain Sols. LLC, 2024 WL 222697, at *4 (E.D.N.Y. Jan. 21, 2024), report and recommendation adopted, 2024 WL 3949982 (E.D.N.Y. Aug. 27, 2024) (party ignored four court orders and failed to appear at a status conference).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for sanctions and entry of default judgment, (dkt. no. 75), is GRANTED. Accordingly, the Clerk of the Court is directed to strike the Defendants' Answer, (dkt. no. 41), and to enter default judgment against Defendants Yogesh Anand and Kum Casanova. A damages hearing will take place on December 17, 2024 at 10:00 a.m. in Courtroom 12A, United States Courthouse, 500 Pearl Street, New York, New York 10007.

**SO ORDERED.**

Dated:    November 22, 2024
          New York, New York

*(signature: Loretta A. Preska)*
_____
LORETTA A. PRESKA
Senior United States District Judge